IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| 4ELEVEN CONSULTING, LLC<br>11812 CHAPEL WOODS COURT<br>CLARKSVILLE, MD 21029<br>(HOWARD COUNTY),<br>       Plaintiff | : <br> : <br> : <br> : <br> : | CIVIL ACTION<br>NO. _____<br><br>(ELECTRONICALLY FILED) |
| v. | : <br> : | |
| TRIDENT LABS, LLC.<br>242 HOWARD AVENUE<br>HOLLAND, MI 49424,<br>       Defendant | : <br> : <br> : <br> : | <br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

AND NOW comes Plaintiff, 4eleven Consulting, LLC, by and through its undersigned attorneys Latsha, Davis & McKenna and complains of Defendant Trident Labs, LLC, hereby stating as follows:

### INTRODUCTION

1. Plaintiff has brought this action against Defendant for breach of contract and Quantum Meruit resulting from Defendant's failure to pay commissions to Plaintiff in accordance with a compensation agreement entered into between the parties. Plaintiff has suffered substantial damages as a result of Defendant's conduct.

720173v1

## PARTIES

2.  Plaintiff, 4eleven Consulting, LLC ("4eleven") is a Nevada limited liability company who at all times relevant hereto has had its principal office at 11812 Chapel Woods Court Clarksville, MD 21029.

3.  Defendant, Trident Labs, LLC. ("Trident") is a Michigan Limited Liability Company who at all times relevant hereto had its principal place of business at 242 Howard Avenue, Suite 207, Holland, MI 49424.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1) because the parties are from different states and the amount in controversy exceeds $75,000.00.

5.  Venue in the District of Maryland is properly laid in this district pursuant to 28 U.S.C. §§ 1391 (b)(1) and (b)(2) because Plaintiff resides and conducts business in this district and because a substantial part of the acts or omissions giving rise to the claims in this Complaint occurred in this district.

## FACTUAL BACKGROUND

6.  4eleven provides medical and diagnostic consulting for clients on a national basis. One of the services provided by 4eleven to its clients is to market products or services to its independent contractor network.

7.  4eleven and Trident entered into a Service Agreement ("Agreement") on or about June 9, 2015. ( See Exhibit "A" attached hereto and made apart hereof)

8.  The material terms of the Agreement provided that 4eleven would market urine drug testing samples through its independent contractors to Trident in exchange for Trident paying to 4eleven a commission of forty-five percent (45%) of the fees that Trident collects for

2

720173v1

performing the drug testing for those samples by the 15th of each month.

9. At all times relevant to this action, Dan Kelsey has been President of Trident.

10. Mr. Kelsey authored a letter to 4eleven dated March 15, 2016, confirming a dollar amount Trident owed at that point to 4eleven and further stating that Trident's reimbursement for the types of laboratory services provided for in the Agreement between the parties had been cut by sixty (60%) percent and that Trident was unable to pay 4eleven the agreed upon commissions. (See Exhibit "B" attached hereto and made apart hereof)

11. On April 1, 2016, Mike Romero from 4eleven sent an email to Mr. Kelsey in follow up to Kelsey's March 15 letter asking for payment of all amounts owed to 4eleven and confirmed by Trident. (See Exhibit "C" attached hereto and made apart hereof)

12. Mr. Kelsey responded to Mr. Romero via email on April 1, 2016, stating that Trident was working to get caught up on the past due amounts and further stating that Trident was seeking a loan to assist with its payments including the obligation to 4eleven (See Exhibit "D" attached hereto and made apart hereof)

13. On April 1, 2016, Kelsey sent another email to 4eleven promising to "get caught up shortly" (presumably meaning that Trident would be paying the outstanding obligation to 4eleven.) (See Exhibit "D" attached hereto and made apart hereof)

14. Between August 2015 and March 21, 2016 4eleven made 3514 referrals to Trident. (See Exhibit "E" attached hereto and made apart hereof)

15. Upon information and belief, Trident has been paid fees for a substantial number of the samples reflected by the referrals made between August 2015 and March 21, 2016 and that it processed for individuals referred to it by 4eleven under the terms of the Agreement.

720173v1

16.     Between August 2015 and March 31, 2016 Trident failed to pay fees it owed to 4eleven for February 2016 payment in the amount of $22,952.24 for reported samples (See Exhibit "F" attached hereto and made apart hereof) and 3514 referrals which are unaccounted for/not reported.

17.     Payment for unaccounted/not reported samples is based on an industry expected payment rate of 60% of samples and an average reimbursement of $225.00 per sample. Based on this: 3514 unaccounted/unpaid samples x 60% expected payment rate = 2108 samples. 2108 samples x $225.00 = $474,300.00 x commission rate of 45% = $213,435.00 due to 4eleven.

18.     Trident has failed to pay $22,952.24 for known reimbursed samples plus $213,435.00 for expected reimbursed samples totaling $236,387.24 for referral fees in breach of its Agreement with 4eleven.

## COUNT I-BREACH OF CONTRACT
### 4eleven Consulting LLC. Vs. Trident Labs, LLC.

18.     The preceding averments are incorporated herein by reference as if fully set forth at length.

19.     Trident entered into a referral Agreement with 4eleven as set forth more fully above.

20.     From August, 2015 4eleven provided Trident with 3514 urine drug testing samples of laboratory work in accordance with the Agreement.

21.     Trident failed to compensate 4eleven for those referrals in breach of the Agreement between the parties.

22.     Trident owes 4eleven more than $236,387.24 in unpaid referral fees.

4

720173v1

23.     The failure of Trident to pay the outstanding referral fees to 4eleven despite the fact that 4eleven provided referrals in accordance with its obligation under the Agreement constitutes a breach of the Agreement.

WHEREFORE, Plaintiff demands judgment in its favor and against Trident in the amount in excess of $236,387.24, together with consequential damages, costs, pre-judgment and post-judgment interest, attorney's fees, together with such other relief this Honorable Court deems just, necessary and equitable.

### COUNT II- QUANTUM MERUIT
### 4eleven Consulting LLC. vs. Trident Labs, LLC.

24.     The preceding averments above are incorporated herein by reference as if fully set forth at length.

25.     4eleven demanded payment in full from Trident for it having provided drug testing laboratory referrals and has not received payment for the majority of the referrals it made.

26.     4eleven is entitled to receive payment in full for the reasonable value of the referrals it provided.

27.     Trident has been unjustly enriched and enhanced by the receipt of referrals for laboratory work which have been rendered by 4eleven to Trident in the amount of $474,300.00.

28.     Trident has been unjustly enriched and enhanced by having received payments by third parties for the laboratory work which was referred to it by 4eleven but for which it has failed to compensate 4eleven for the reasonable value of its referral services.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant Trident for damages in excess of $236,387.24, together with consequential damages, damage to its

5

720173v1

professional reputation, costs, pre-judgment and post-judgment interest, together with such other relief the this Honorable Court deems just, necessary and equitable.

                Respectfully submitted,

                LATSHA DAVIS & McKENNA, P.C.

Dated: 8/25/16         By:   /S/ *Andrew P. Dollman*
                              Andrew P. Dollman
                              Atty I. D. No. 19703
                              adollman@ldylaw.com
                              1700 Bent Creek Boulevard, Suite 140
                              Mechanicsburg, PA 17050
(717) 620-2424    fax: (717) 620-2444

                              Counsel for Plaintiff,
                              4eleven Consulting, LLC.

720298v1