IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| 4ELEVEN CONSULTING, LLC : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. <u>16-cv-02976 JKB</u> |
| : | |
| TRIDENT LABS, LLC : | |
| : | JURY TRIAL DEMANDED |
| Defendant. : | |
| _____ : | |

## ANSWER TO COMPLAINT

COMES NOW Defendant Trident Labs, LLC, by and through counsel, Joseph A. Compofelice, Jr., Esq. and MarcusBonsib, LLC, and pursuant to Fed. R. Civ. P. 8 and 12 hereby answers Plaintiff's Complaint as follows:

## INTRODUCTION

1. The allegations in the first sentence of paragraph 1 constitute introductory verbiage to which no response is required. To the extent a response is deemed required, Defendant denies all liability as alleged by Plaintiff. Defendant denies the allegations in the second sentence of paragraph 1.

## PARTIES

2. The allegations in paragraph 2 solely concern persons or parties other than Defendant and therefore require no response. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3.

**JURISDICTION AND VENUE**

4.      The allegations in paragraph 4 constitute conclusions of law and therefore require no response.

5.      The allegations in paragraph 5 call for a legal conclusion and therefore require no response.

**FACTUAL BACKGROUND**

6.      The allegations in paragraph 6 solely concern persons or parties other than Defendants and therefore require no response. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7.      Defendant admits the allegations in paragraph 7 to the extent it executed the "Compensation Agreement" attached to Plaintiff's Complaint as Exhibit A. Defendant refers to the Compensation Agreement for the terms thereof as the document speaks for itself.

8.      The allegations in paragraph 8 refer solely to the terms of the "Compensation Agreement" attached to Plaintiff's Complaint as Exhibit A. Defendant refers to the Compensation Agreement for the terms thereof as the document speaks for itself.

9.      Defendant admits the allegations in paragraph 9.

10.     The allegations in paragraph 10 refer solely to the terms of the March 15, 2016 letter attached to Plaintiff's Complaint as Exhibit B. Defendant refers to the letter for the terms thereof as the document speaks for itself.

11. The allegations in paragraph 11 refer solely to the terms of the April 1, 2016 email attached to Plaintiff's Complaint as Exhibit C. Defendant refers to the email for the terms thereof as the document speaks for itself.

12. The allegations in paragraph 12 refer solely to the terms of the April 1, 2016 email attached to Plaintiff's Complaint as Exhibit D. Defendant refers to the email for the terms thereof as the document speaks for itself.

13. The allegations in paragraph 13 refer solely to the terms of the April 1, 2016 email attached to Plaintiff's Complaint as Exhibit D. Defendant refers to the email for the terms thereof as the document speaks for itself.

14. Defendant denies the allegations in paragraph 15 and demands strict proof thereof.

15. Defendant admits that it has received payments for certain samples that originated as referrals from Plaintiff, but denies the characterization that it has been paid "for a substantial number" of the samples.

16. Defendant denies the allegations in paragraph 16 and demands strict proof thereof.

17. Defendant denies the allegations in paragraph 17 and demands strict proof thereof.

## COUNT I – BREACH OF CONTRACT
### 4eleven Consulting, LLC v. Trident Labs, LLC

18. Paragraph 18 requires no response.

19. Defendant admits the allegations in paragraph 19 to the extent it executed the "Compensation Agreement" attached to Plaintiff's Complaint as Exhibit A.

Defendant refers to the Compensation Agreement for the terms thereof as the document speaks for itself.

20. Defendant denies the allegations in paragraph 20 and demands strict proof thereof.

21. Defendant denies the allegations in paragraph 21 and demands strict proof thereof.

22. Defendant denies the allegations in paragraph 22 and demands strict proof thereof.

23. Defendant denies the allegations in paragraph 23 and demands strict proof thereof.

### COUNT II – QUANTUM MERUIT
### 4eleven Consulting, LLC v. Trident Labs, LLC

24. Paragraph 24 requires no response.

25. Defendant admits that Plaintiff has made demands upon it for payment, but denies that Plaintiff is entitled to the demanded amount.

26. The allegations in paragraph 26 constitute conclusions of law that require no response. To the extent a response is deemed required, Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state claims against Defendant upon which relief may be granted because Defendant did not breach the "Compensation Agreement" and Plaintiff is not entitled to relief under the equitable doctrine of quantum meruit.

2. Defendant denies liability generally.

3. As evidenced by the face of the complaint, Plaintiff's alleged damages are based upon pure speculation and conjecture and do not accurately reflect how Plaintiff was to be compensated under the "Compensation Agreement."

4. Plaintiffs cannot proceed under both of its purported causes of action. If it contends that the "Compensation Agreement" is a valid and enforceable contract it cannot recover under an equitable theory of quantum meruit.

5. Plaintiff's claims are barred by the doctrine of payment because Defendant has compensated Plaintiff for all amounts allegedly due and owing.

6. Plaintiff's request fort attorneys' fees is improper because the "Compensation Agreement" does not contain a fee-shifting provision or otherwise provide for the payment of attorneys' fees in the event of a dispute arising out of the contract.

7. Plaintiff's request for damages relating to its "professional reputation" in its claim for quantum meruit has no merit because this is not a category of damages recoverable under a theory of quantum meruit under Maryland or Michigan law.

WHEREFORE, having answered Plaintiff's' Complaint in full, Defendant requests that the Complaint be dismissed, with prejudice, and that it be awarded its costs and fees incurred for defending against this action.

Respectfully submitted,

MARCUSBONSIB, LLC


/s/ *Joseph A. Compofelice, Jr.*
JOSEPH A. COMPOFELICE, JR., ESQ.
   Bar No. 26718
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
(301) 441-3003 (fax)
compofelice@marcusbonsib.com
*Counsel for Defendant*


## JURY TRIAL DEMAND

Defendant demands a trial by jury on all issues so triable.

/s/ *Joseph A. Compofelice, Jr.*
JOSEPH A. COMPOFELICE, JR., ESQ.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2016, a copy of the foregoing was filed and served upon the following parties and counsel though the CM/ECF System for the United States District Court for the District of Maryland, unless otherwise indicated:

Andrew P. Dollman, Esq.
Latsha Davis & McKenna, P.C.
1700 Bent Creek Boulevard, Suite 140
Mechanicsburg, Pennsylvania 17050
*Counsel for Plaintiff*


*/s/ Joseph A. Compofelice, Jr.*
Joseph A. Compofelice, Jr.